UNITED STATES v. TRAINOR.

*(District Court, D. Oregon. August 4, 1888.)*

ELECTIONS AND VOTERS — ATTEMPTING UNLAWFUL VOTING — REV. ST. U. S. § 5511.

Section 5511 of the Revised Statutes, for the prevention and punishment of corruption and misconduct at a congressional election, does not include an "attempt" to do or commit any of the acts therein specified and prohibited, except that of voting in the name of another person, and the act of aiding, counseling, procuring, or advising any person, voter, or officer, to do or omit to do any act, the commission or omission of which is thereby made a crime, and therefore an indictment will not lie thereon against one for attempting to vote at such election a second time.

*(Syllabus by the Court.)*

Indictment for Attempting to Vote a Second Time.
*Lewis L. McArthur,* for plaintiff.
*Robert G. Morrow,* for defendant.

DEADY, J. The indictment in this case charges that the defendant, on June 4, 1888, at an election then being held in the state of Oregon for a representative in the congress of the United States, did knowingly "attempt and offer to vote a second time" for such representative, at polling place numbered 1, in South Portland precinct, in the state aforesaid; he having already voted once for such representative at said polling place, on said day.

The defendant demurs to the indictment, for that the facts stated therein do not constitute a crime.

The indictment is found under section 5511 of the Revised Statutes.

The section is a very long one, over-crowded with particulars. It is a crude, bungling piece of composition, and, considering the importance of the subject, shamefully obscure and uncertain. Although intended to punish and prevent bribery and corruption at congressional elections, it does not make the reception of a bribe a crime, and only includes the case of a briber by the obscure indirection of making it a crime to prevent "by force, threat, intimidation, bribery, reward, or offer thereof," any qualified voter "from freely exercising the right of suffrage."

The section contains nine clauses, separated by the conjunction "or" and a semi-colon, specifying a great number of acts and omissions relating to elections for representatives in congress, which are thereby made criminal and punishable by fine and imprisonment.

The first four relate to unlawful voting by any person; as voting or attempting to vote in the name of another person, voting more than once, or at a place where the party is not entitled to vote, or without having a lawful right to vote, or doing any unlawful act to secure an opportunity to vote. But nothing is said concerning an attempt to do any of these acts except the first. The next four clauses relate to the preventing of any person "from freely exercising the right of suffrage by force, threats," etc., or compelling, or inducing by any such means any officer of election to act unlawfully, or interfering in any manner with him in the discharge of his duty.

The eighth and ninth clauses read as follows:

"Or knowingly receives the vote of any person not entitled to vote, or refuses to receive the vote of any person entitled to vote; or aids, counsels, procures, or advises any such voter, person, or officer to do any act hereby made a crime, or omit to do any duty the omission of which is hereby made a crime, or attempt to do so," shall be punished, etc.

The "person" or "officer" who is the subject of these two sentences or clauses, is not expressed; but from the nature of the acts prohibited in the first of them—the receiving or refusing a vote illegally—it must be an officer at a congressional election, and in the case of the second one it may be "any person" who gives the "aid, counsel," etc., therein prohibited. And the "such voter, person, or officer," mentioned in the lat-

ter clause, and who may be the object of such "aid, counsel," etc., must be the "qualified voter," the "any person" or "officer of such election," mentioned in the preceding part of the section.

On this analysis of the statute, the eighth and ninth clauses, when expressed in full, should read: Any officer at a congressional election who "knowingly receives the vote of any person not entitled to vote;" or knowingly "refuses to receive the vote of any person entitled to vote," or "any person" who "aids, counsels, procures, or advises any such voter, person, or officer to do any act hereby made a crime, or omit to do any duty the omission of which is hereby made a crime, or attempt to do so," shall be punished, etc.

The use of this form of the verb "attempt," in this connection, is a blunder. It should have been in the form of the third person singular, —attempts,—or it might have been in the future tense,—shall attempt, —so as to read: Any person who aids, counsels, etc., or "attempts" to aid, counsel, etc., or "shall" attempt to aid, counsel, etc. However, the phrase "attempt to do so," or attempts to do so, cannot be construed to apply to any acts other than those mentioned in the clause in which it is contained; and those are "aids, counsels, procures, or advises any such voter, person, or officer" to do or omit to do an act, the commission or omission of which is by the statute made a crime. Disregarding the grammatical error in the use of the word "attempt" in legal effect, the clause reads: "Any person who aids, counsels, procures, or advises, or attempts (or shall attempt) to aid, counsel, advise, or procure any such voter, person, or officer," etc., shall be punished, etc. The act of attempting to vote illegally, except in the case of attempting to vote in the name of another person, appears to have been overlooked in the preparation of the statute, and no provision is made therein for its punishment.

Therefore, the act with which the defendant is charged in the indictment—an attempt to vote illegally, because he had already voted once at said election—is not a legal crime, and the demurrer is well taken.

This is to be regretted. The defendant has incurred the moral guilt of attempting to pollute the ballot-box, the sacred depository of the public will, with an illegal vote, and deserves legal punishment therefor.

But the remedy for the omission is with congress, and not the courts.

If the defendant, in his attempt to vote, did any unlawful act to accomplish his purpose, he may be proceeded against for a violation of the fourth clause of the section, which provides that if any person "does any unlawful act to secure an opportunity to vote for himself or any other person," he shall be punished, etc. Thus, if the defendant was sworn, on his offer to vote a second time, and thereupon stated that he had not voted at that election, he would be guilty of an unlawful act—perjury— "to secure an opportunity to vote for himself," and could be prosecuted therefor.

The demurrer is sustained.